IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN AND
FOR HILLSBOROUGH COUNTY, FLORIDA

CIVIL DIVISION

MIRIAM SANTOS,                                  CASE NO.: 19-CA-003299

       Plaintiff,

v.

RAFAEL A. FERNANDEZ, an individual;
UBER TECHNOLOGIES, INC., a Foreign for
Profit Corporation; RAISER (FL) LLC, n/k/a
RAISER, LLC, a Foreign for Profit Corporation,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

THIS CAUSE having come before the Court on Defendants UBER TECHNOLOGIES, INC. and RAISER, LLC's Motion to Compel Arbitration and to Stay Action (collectively referred herein as "Defendants" or "Uber"), as to Plaintiff Mariam Santos ("Ms. Santos"). The Court having heard argument of counsel on August 9, 2019, considered the legal authorities presented, and being otherwise duly advised in the premises, it is hereby:

ORDERED AND ADJUDGED that Defendants' Motion to Compel Arbitration and to Stay Action is GRANTED based on the following findings of fact and conclusions of law.

**Findings of Fact**

The present action arises from a single vehicle accident on April 24, 2018 wherein Ms. Santos and her husband (Luis Lopez Sierra) were passengers in a vehicle driven by Co-Defendant, Rafael Fernandez (Mr. Fernandez). Ms. Santos utilized the rider version of the Uber App to request a ride from Mr. Fernandez, an independent transportation provider who obtained a license to use the driver version of the Uber App.

1

In July 2016, Ms. Santos took the affirmative action of going to Uber's website seeking to obtain access to the rider version of the Uber App to arrange transportation services provided by independent transportation providers such as Mr. Fernandez. Both parties agree that, but for signing the online rider agreement, Ms. Santos would not have been able to obtain access to rider version of the Uber app to arrange for such services.

Uber seeks to enforce the rider agreement, which includes an arbitration provision. Ms. Santos disputes entering into the rider agreement because her native language is Spanish. She is not fluent in English and does not speak English. See Santos affidavit at ¶9.

However, in paragraph 12 of her affidavit, Ms. Santos stated, "I understood from the context that I needed to click that button to submit my information to Uber." Further, in paragraph 13, Ms. Santos saw and affirmed that "By clicking "Create Account" you agree to Uber's terms and conditions and privacy." Counsel for Ms. Santos agreed with the Court that but for her submission, Ms. Santos would not have been eligible to utilize the Uber App and arrange for a ride.

**Conclusions of Law**

In considering a motion to compel arbitration, the Court should consider three elements: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corporation, 750 So. 2d 633, 636 (Fla. 1999).

Here, counsel for Ms. Santos stipulated that **only** element one (1) is at issue; *to wit*: whether there was an agreement entered into between Ms. Santos and Uber before arbitration is even considered. Thus, the Court must determine whether or not Ms. Santos objectively entered into a contract with Uber on the date and time in question when she enrolled in this service. Whether or

not Ms. Santos could understand or speak English does not preclude enforcement of an arbitration provision in a contract. <u>Kendall Imports v. Diaz</u>, 215 So. 3d 95 (Fla. 3rd DCA 2017) (The fact that purchasers of automobiles could not read or write English did not render invalid the arbitration provision in a sales contract.)

The Court has reviewed the two affidavits submitted by the parties: Mr. Buoscio's affidavit and the affidavit of Ms. Santos. The Court is bound by the record evidence as it relates to activities involved in and participated in by the parties.

The Court is not persuaded by the argument of counsel for Ms. Santos that the link to the terms and conditions at the bottom of the page, which both parties agreed was in a different color, was not conspicuous.

The Court finds the link to the terms and conditions was conspicuous and – the parties agreed – Ms. Santos could have clicked on that link to bring up the specific terms and conditions that she through her actions in agreeing and signing up for this service, constitute the bases for this contract between the parties.

Applying the objective theory of contracts, the Court finds that a contract has been entered into between Ms. Santos and Uber. The contract is not unconscionable. The terms and conditions were clear and available to Ms. Santos.

The Court is not persuaded that the inability of Ms. Santos to speak or write English prevented her from entering into this contract by acceptance, specifically by clicking on the Uber website, as referred to by the parties.

Based on the foregoing, the Court finds there is as valid and enforceable contract between Ms. Santos and Uber; and therefore, grant the Motion to Compel Arbitration and compel the parties

to arbitration.

      Done and ordered in Hillsborough County, Florida this 10th day of September, 2019.


Electronically Conformed 9/10/2019
Gregory P. Holder CIRCUIT COURT JUDGE

Copies Furnished to:
Robert Ryan Sainz, Esq. (attorney for Plaintiff); Rrspleadings@forthepeople.com
Morgan & Morgan, 201 N. Franklin Street, Suite 700, Tampa, FL 33602

Nhan T. Lee, Esq. (attorney for Defendants); Nlee@goldbergsegalla.com;
psouza@goldbergsegalla.com
Goldberg Segalla, LLP, 800 N. Magnolia Avenue, Suite 1201, Orlando, FL 32803

CIVIL DIVISION
CASE NO.: 19-CA-003299

MIRIAM SANTOS,

       Plaintiff,

v.

RAFAEL A. FERNANDEZ, an individual;
UBER TECHNOLOGIES, INC., a Foreign for
Profit Corporation; RAISER (FL) LLC, n/k/a
RAISER, LLC, a Foreign for Profit Corporation,

       Defendants.

_____/

## CONSOLIDATED WITH

CIVIL DIVISION
CASE NO.: 19-CA-003315

LUIS LOPEZ SIERRA,

       Plaintiff,

v.

RAFAEL A. FERNANDEZ, an individual;
UBER TECHNOLOGIES, INC., a Foreign for
Profit Corporation; RAISER (FL) LLC, n/k/a
RAISER, LLC, a Foreign for Profit Corporation.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND
STAY LITIGATION PENDING COMPLETION OF ARBITRATION AS TO
PLAINTIFF LUIS SIERRA AND DENYING PLAINTIFF MARIAM SANTOS' MOTION
FOR CLARIFICATION AND IN THE ALTERNATIVE MOTION FOR
RECONSIDERATION**

THIS CAUSE having come before the Court on Defendants UBER TECHNOLOGIES,

INC. and RAISER, LLC's Motion to Compel Arbitration and to Stay Action (collectively

referred herein as "Defendants" or "Uber"), as to Plaintiff Luis Lopez Sierra ("Mr. Sierra") and

24375408.v1

Plaintiff Mariam Santos' Motion for Clarification and in the Alternative Motion for Reconsideration.

The Court having heard argument of counsel on October 21, 2019, considered the legal authorities presented and being otherwise duly advised, it is hereby:

1.      ORDERED AND ADJUDGED that Defendants' Motion to Compel Arbitration and to Stay Action is GRANTED based on the following finding that Mr. Sierra was an intended third-party beneficiary under the subject contract entered into between Uber and his wife, Plaintiff Mariam Santos.

2.      It is further ORDERED AND ADJUDGED that Plaintiff Mariam Santos' Motion for Clarification and in the Alternative Motion for Reconsideration in DENIED and moot.

Done and ordered in Hillsborough County, Florida this _____ day of _____, 2019.

Electronically Conformed 11/19/2019
Gregory P. Holder
CIRCUIT COURT JUDGE

Copies Furnished to:
Robert Ryan Sainz, Esq. (attorney for Plaintiff); Rrspleadings@forthepeople.com
Morgan & Morgan, 201 N. Franklin Street, Suite 700, Tampa, FL 33602

Amy Ray, Esq. (attorney for Defendant, Rafael A. Fernandez); aray@wickersmith.com;
tpacrtpleadings@wickersmith.com
Wicker Smith O'Hara McCoy & Ford, P.A., 100 N. Tampa St., Suite 1800, Tampa, FL 33602

Nhan T. Lee, Esq. (attorney for Defendants, Uber Technologies, Inc.; Raiser, LLC.);
Nlee@goldbergsegalla.com; kcharlton@goldbergsegalla.com; crodriguez@goldbergsegalla.com
Goldberg Segalla, LLP, 800 N. Magnolia Avenue, Suite 1201, Orlando, FL 32803

24375408.v1